## WILSON v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1315.   Decided Jan 6, 1936

Nicholas Nolan, Prosecuting Attorney, Dayton, and Sam Kelly, Asst. Prosecuting Attorney, Dayton, for defendant in error.

Irwin Rohlfs, Dayton, and G. E. Nicholas, Dayton, for plaintiff in error.

## OPINION

### By BODEY, J.

Since the errors complained of in the petition in error include those set forth in the motion for a new trial, the court will discuss in their chronological order the claims made in the petition in error. The court has carefully read the bill of exceptions and it is of opinion that the verdict is sustained by the evidence and is not contrary to law. The evidence of the State clearly shows that the defendant stabbed Carl Smith four or five times during an altercation; that the knife which was used in the stabbing first made its appearance in the hand of the defendant; that Carl Smith was not armed; that Carl Smith was wounded and was treated in The Miami Valley Hospital; and that the defendant fled from the scene of the crime.

The defendant endeavored to show that he acted in self defense. The court charged the law on self defense. The defendant admitted the stabbing and it was for the jury to determine whether or not he did act in self defnese.

The court may not over-ride the verdict of the jury unless the same is manifestly against the weight of the evidence or unless there is no evidence to support the same. In this case, there was evidence to the effect that the defendant was the aggressor and that if he used a weapon in self defense the means used was not commensurate with the danger present. Under either of these theories it was within the province of the jury to find this defendant guilty of assault and battery. There being credible evidence to support the verdict, the same must be permitted to stand insofar as these claimed errors are concerned. In this connection we call particular attention to the re-cross examination of the defendant which appears on page 92 of the record as follows:

"Q. Just a moment, you did cut Smith on the night of June 19th, didn't you?
A. Yes, sir.
Q. On Sixth Street?
A. On Sixth Street, yes, sir.
Q. In Montgomery County, Ohio?
A. Yes, sir, with his own knife.
Q. With a knife? A. Yes, sir.
Q. How many times did you cut him?
A. I don't know.
Q. More than once? A. I can't tell you.
Q. I think the hospital records show that you cut him more than once? A. Yes, sir.
Q. And after you got the knife ʸ ˢ *
according to your previous testimony you hadn't cut him at the time you got the knife away from him, had you?
A. No, sir, I hadn't.
Q. Then when he saw the knife, I believe you testified before, that he said 'don't cut me. Let me alone. I will get away'? A. He did."

The commission of the crime had been established by the State in its case in chief. These admissions on the part of the defendant in his re-cross examination are most inconsistent with his claim of self defense. If the jury had believed these statements given in testimony by the defendant himself, the verdict as rendered would be sustained.

It was claimed as ground for new trial that new evidence had been discovered which was material to the defendant's case. There is nothing whatever in the record to indicate the character of this newly discovered evidence. There was no compliance with the fifth sub-division of §13449-1 GC wherein it is provided that:

"When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing of said motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given."

Since no affidavits were filed in support of this claim for a new trial, the trial court was precluded from considering the same. On review, this court is in a similar position and may not pass upon the question unless the affidavits are on file according to the statute.

It is claimed that Carl Smtih committed perjury when he testified that he was stabbed in the back. It is alleged that the Hospital Records refute his testimony in that respect. These Hospital Records were not offered in evidence and are not a part of the record before us. There was some evidence supporting the testimony of Carl Smith to the effect that he was stabbed in the back. There is no evidence in the record before us which would lead us to believe that perjury was committed by Carl Smith when he testified. This alleged ground of error is not available to the defendant in this review.

It is further claimed that the court erred in admitting a knife as an exhibit in the case, it being the affirmative claim of the defendant that it was his knife but that it was not the knife which was used in this affray. The evidence discloses that R. A. Buck and Walter McNew, police officers of

the City of Dayton, were called to the vicinity of 419 East Sixth Street where the altercation took place between Carl Smith and the defendant; that they followed some blood stains from that place which took them to 316 Patterson Boulevard; that they found the knife, which was introduced in evidence, lying under the edge of the porch at that address; that there were blood stains on the knife; that said knife was tagged and turned over to Sergeant Newman; that on the evening of the cutting the knife which was introduced as an exhibit was shown to the defendant by Sergeant Newman in the presence of Officer Kirkpatrick and certain questions concerning the knife were propounded to the defendant; and at that time the defendant admitted ownership of the knife and admitted that it was the knife which he had used in the stabbing. There was an attempt on the part of counsel for the defendant to prove that the defendant had declined to answer when he was interrogated by the police officers with reference to the knife which was used in the stabbing. However, in his cross-examination, which appears at page 86 of the record, the defendant identified this knife as his own and testified that he had purchased it two days before this altercation and that he had it with him when he had the trouble with Smith. It seems to the court that it may not be seriously contended that the knife was not properly identified before it was introduced in evidence. Attention is also called to the fact that the knife was introduced in evidence as exhibit A without any objection being interposed by counsel for the defendant. See page 36 of the record.

No exception was entered to the general charge of the court. We, therefore, must assume that it correctly stated the law.

We do not find that any evidence was wrongfully admitted over the objection of the defendant, nor do we find that any proper evidence offered on behalf of the defendant was excluded by the trial court. A full and careful examination of the record does not disclose any error prejudicial to the defendant. It appears that substantial justice has been done. There being no prejudicial error, the judgment of the trial court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON REHEARING

Decided Feb 24, 1936

By THE COURT

Submitted on rehearing. The original opinion was released on January 6, 1936. Application for rehearing was filed on January 30. 1936. Applications for rehearing should be filed within ten days after the decision is announced under Rule XIII of the Rules of Practice as found in Volume 38 Ohio Appellate Reports. Not having been filed within the proper time the application should be denied.

We may say, however, that we have examined this application together with the affidavits supporting the same. All of the questions raised were previously submitted by counsel in oral argument and on the briefs. The opinion was rendered upon the record before the court and in our judgment was correct. We adhere thereto. The application for rehearing is denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.